# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

SIERRA CLUB, et al.,

    Plaintiffs,

v.                                  CASE NO. 4:04cv401-RH/WCS

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

    Defendant.

_____/

## ORDER FOR DISMISSAL

The Clean Water Act created the National Pollution Discharge Elimination System ("NPDES"), under which permits may be issued for discharge of pollutants from point sources into the waters of the United States. Under the Act, a state may apply to the Environmental Protection Agency for authority to issue the required permits within the state. A state that is so authorized must comply with federal standards. If the EPA determines that a state is not administering the program in compliance with federal standards, the EPA must provide notice and an opportunity to cure, and if the deficiency continues, the EPA must withdraw the state's authorization.

The Act provides for citizens' suits to enforce EPA duties that are "not discretionary." 33 U.S.C. §1365(a)(2). This is a citizens' suit challenging the EPA's failure to withdraw the NPDES authorization of the State of Florida on the ground that the state has failed in many respects to comply with the requirements of the Act. The EPA has moved to dismiss. I grant the motion, concluding that the complaint fails to allege the violation by EPA of any duty that is "not discretionary."

## I

The purpose of the Clean Water Act is to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. §1251(a). To achieve that goal, the Act prohibits the discharge of pollutants into waters of the United States except in accordance with certain restrictions. *See* 33 U.S.C. §1311(a). Discharges of pollutants from "point sources" are regulated under the NPDES permit program. *See* 33 U.S.C. §1342. A person discharging pollutants from a point source into waters of the United States must secure an NPDES permit. Such permits contain technology-based effluent limitations and, when necessary, more stringent limitations to ensure that receiving waters comply with water quality standards. *See* 33 U.S.C. §§1311 & 1312.

Under the Act, a state may apply to the EPA for authority to administer the

NPDES program within the state.  *See* 33 U.S.C. § 1342(b).  This is consistent with the Act's explicit recognition of "the primary responsibilities and rights of States to prevent, reduce, and eliminate pollution," and the Act's statement that it is "the policy of Congress that the States . . . implement the [NPDES] permit program[]."  33 U.S.C. §1251(b); *see also District of Columbia v. Schramm*, 631 F.2d 854, 860 (D.C. Cir. 1980) (noting that Clean Water Act and its legislative history "reflect the desire of Congress to put the regulatory burden on the States and to give [EPA] broad discretion in administering the program"); *Chesapeake Bay Found., Inc. v. Va. State Water Control Bd.*, 495 F. Supp. 1229, 1232 (E.D. Va. 1980) ("A State's administration of an NPDES program is indicative of Congress's intent to 'recognize, preserve and protect the primary responsibilities and rights of the states to prevent, reduce and eliminate pollution'").

A state that administers an NPDES program must do so in compliance with federal standards.  *See* 33 U.S.C. § 1342(c)(2) ("Any State permit program under this section shall at all times be in accordance with this section and guidelines promulgated" under the Act).  Of critical importance in the case at bar, the EPA must withdraw a state's NPDES authorization if it determines that the state is not administering the program in accordance with federal requirements and the state fails, after notice, to cure the defect.  33 U.S.C. §1342(c)(3).

The EPA has adopted regulations implementing this provision.  *See* 40

C.F.R. §§123.63 & 123.64 (2004). The regulations provide detailed procedures governing withdrawal proceedings and allow the commencement of such proceedings not only on the EPA's own initiative but also on the petition of any "interested person." 40 C.F.R. §123.64(b)(1). The regulations obligate the EPA "to respond in writing to any petition to commence withdrawal proceedings." *Id.*

The State of Florida applied for and was granted authority to administer the NPDES program in 1995. In March 2004, plaintiffs filed a petition asking the EPA to commence withdrawal proceedings based on the same violations alleged in the case at bar. The EPA has not yet responded to the petition. The EPA says it intends to respond in due course. Plaintiffs have said they intend to file a proceeding in the United States Court of Appeals for the Eleventh Circuit challenging the EPA's allegedly unreasonable delay in responding to the petition for commencement of withdrawal proceedings.

Meanwhile, plaintiffs also have filed this action in this court under the Clean Water Act citizens' suit provision. Plaintiffs seek to compel the EPA to withdraw the authority of the State of Florida to administer its NPDES program, or at least to conduct a hearing on whether that authority should be withdrawn. Alternatively, plaintiffs seek to compel the EPA to take final agency action within 60 days on

plaintiffs' petition asking the EPA to initiate withdrawal proceedings.[1]

The EPA has moved to dismiss for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted.

## II

Subject to exceptions not applicable here, the Clean Water Act authorizes "any citizen" to "commence a civil action" against the EPA Administrator,

> where there is alleged a failure of the Administrator to perform any act or duty under this chapter *which is not discretionary with the Administrator*.

33 U.S.C. §1365(a)(2) (emphasis added).[2]  As both sides agree, the controlling

---

[1] Plaintiffs' complaint is in two counts.  Count one proceeds under the citizens' suit provision of the Clean Water Act.  Count two proceeds under the Administrative Procedure Act.  Plaintiffs have filed a notice of voluntary dismissal of count two.  Technically, the procedure by which plaintiffs could drop count two would be by amendment of the complaint to delete that count, not by voluntary dismissal.  *See Klay v. United Health Group, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action.  A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).") (internal citations omitted).  But these procedural technicalities do not matter.  I treat count two as abandoned, and thus address in this order plaintiffs' claims under the Clean Water Act citizens' suit provision.

[2] The Act and implementing regulations sometimes refer to the EPA and sometimes refer to the "Administrator."  For convenience, this order consistently

issue in the case at bar is whether the complaint alleges the breach of any duty that is "not discretionary."

Plaintiffs rely on a single provision that they say imposes on the EPA a non-discretionary duty to withdraw the NPDES authorization of a non-complying state. The provision states:

> *Whenever the Administrator determines after public hearing* that a State is not administering a program approved under this section in accordance with requirements of this section, he shall so notify the State and, if appropriate corrective action is not taken within a reasonable time, not to exceed ninety days, the Administrator *shall* withdraw approval of such program. The Administrator shall not withdraw approval of any such program unless he shall first have notified the State, and made public, in writing, the reasons for such withdrawal.

33 U.S.C. §1342(c)(3) (emphasis added). The use of the word "shall" ordinarily is mandatory, not discretionary, and I assume for purposes of this order that that is the case here.

But this does not help plaintiffs. Under the plain terms of the statute, the mandatory duty to withdraw approval arises only "whenever the Administrator determines after public hearing" that a state is not administering its NPDES program in accordance with federal standards. The statute creates no *express*

---

refers to the EPA, except when quoting provisions that refer to the Administrator. The terminology makes no difference of importance in the case at bar.

requirement that a public hearing be held at any specific time, or indeed ever, nor does the statute expressly require the EPA to make a determination one way or the other on the issue of whether a state is complying with federal law. It is perhaps a nice question whether the statute nonetheless imposes on the EPA an *implied* duty to make a determination if it receives a complaint or becomes aware of evidence of a state's noncompliance. But this does not matter, because the EPA has expressly undertaken to respond to any complaint and to initiate a withdrawal proceeding if deemed appropriate. I assume, for purposes of this order, that the EPA must do as it has said it will.

Even so, neither the statute nor the regulations impose any prescribed method by which, or specific time within which, the EPA must evaluate a complaint or evidence of a state's noncompliance and make a determination. The most that could be said is that the EPA must make a reasonable inquiry, and must do so within a reasonable time. But these are standards that ring of discretion.[3] A citizens' suit to enforce such discretionary duties is not available.

---

[3] *See, e.g.*, *Heckler v. Chaney*, 470 U.S. 821, 835, 105 S. Ct. 1649, 1658, 84 L. Ed. 2d 714 (1985) (holding that statute stating that FDA Secretary was "authorized" to conduct investigations was not mandatory because the statute's "enforcement provisions . . . commit complete discretion to the Secretary to decide how and when they should be exercised"); *Sierra Club v. Thomas*, 828 F.2d 783, 791 (D.C. Cir. 1987) ("it is highly improbable that a deadline will ever be nondiscretionary, i.e. clear-cut, if it exists only by reason of an inference drawn from the overall statutory framework") (citing *Natural Res. Def. Council, Inc. v. Train*, 510 F.2d 692, 712 (D.C. Cir. 1975)).

That this is correct draws at least some support from the harmony that this result produces in the methods of judicial review available for EPA decisions in this area. A decision by the EPA to withdraw or not to withdraw a state's NPDES authorization constitutes final agency action reviewable in the appropriate court of appeals. *See* 40 C.F.R. §123.64(b)(8)(ii) (EPA decision not to withdraw approval is "final agency action"); §123.64(b)(8)(vii) (EPA decision to withdraw approval is "final Agency action"). Any undue delay by the EPA in making a decision also is reviewable in the court of appeals. *See George Kabeller, Inc. v. Busey*, 999 F.2d 1417, 1421-22 (11th Cir. 1993) (holding that when ultimate authority to review an action lies in the court of appeals, any unreasonable delay claim relating to the court's prospective jurisdiction also lies in court of appeals); 33 U.S.C. §1369(b)(1)(D) (providing that judicial review of decisions under §1342 lie in the court of appeals). Congress could, of course, authorize judicial review of the same decision in both the district court and court of appeals, at a plaintiff's option. But there is no reason to believe Congress intended to do that here. The EPA's decision whether to withdraw Florida's NPDES authorization will be reviewable in due course in the Eleventh Circuit. And in the meantime, any unreasonable delay by the EPA in making that decision also is reviewable in the Eleventh Circuit.

That this is correct also draws support from the weight of authority on this issue. First, in the only decision in this area that is binding in this jurisdiction, the

pre-*Bonner*[4] Fifth Circuit held that a similar provision, 33 U.S.C. §1319, does not impose a mandatory duty on the EPA, despite its use of the word "shall."  *Sierra Club v. Train*, 557 F.2d 485, 488-91 (5th Cir. 1977).[5]  And while there is a split of authority, the better reasoned district court decisions specifically addressing §1342(c)(3) have held that it does not impose on EPA a mandatory duty to withdraw a state's NPDES authority.  *Compare Altman v. United States*, 2004 WL 3019171 (W.D.N.Y. Dec. 30, 2004) (dismissing action under §1342(c)(3) because statute "does not compel the EPA either to hold a hearing or to make . . . a determination by any specific time, indicating that the withdrawal provision is discretionary"), *and Weatherby Lake Improvement Co. v. Browner*, 1997 WL 687656 (W.D. Mo. Apr. 17, 1997) (dismissing action under §1342(c)(3) on

---

[4] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as Eleventh Circuit precedent all decisions of the Fifth Circuit rendered before October 1, 1981).

[5] To be sure, the language of §1319, while similar to that of §1342, is different.  The former statute authorizes the EPA to enforce permit conditions, either administratively or by filing a civil action, while the latter authorizes the EPA to withdraw a state's NPDES authorization.  Both say the EPA "shall" take specified action—either to enforce permit conditions or withdraw a state's authorization—"whenever" the EPA makes the finding or determination that would support the action.  If that were all there were to it, *Sierra Club v. Train* would virtually compel dismissal in the case at bar.  But there is another provision that was of importance in that case, §1319(b), which states that the EPA is "authorized" to initiate a civil action, thus confirming, in the Fifth Circuit's view, the "discretionary flavor of the statute."  *Sierra Club v. Train*, 557 F.2d at 490. There is no analogous provision in §1342.

grounds EPA's ability to withdraw a state's NPDES authority is discretionary) *with Save the Valley, Inc. v. EPA*, 99 F. Supp. 2d 981 (S.D. Ind. 2000) (holding EPA's duty under §1342(c)(3) mandatory and denying motion to dismiss).  None of these authorities is dispositive, but they do support the result that, for the reasons set forth above, would be correct in any event.

## Conclusion

Even if, as plaintiffs allege, the State of Florida is administering its NPDES program without complying with federal requirements, the EPA's delay in initiating withdrawal proceedings implicates no non-discretionary duty.  Plaintiffs' complaint fails to allege a basis for relief in this court.  Accordingly,

IT IS ORDERED:

Defendant's motion to dismiss (document 6) is GRANTED.  The clerk shall enter judgment stating, "The complaint is dismissed without prejudice to any relief that may be available in the United States Court of Appeals for the Eleventh Circuit."  The clerk shall close the file.

SO ORDERED this 8th day of July, 2005.

s/Robert L. Hinkle
Chief United States District Judge